UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN BERTONE and STEVEN VALENTE, individually and on behalf of those individuals similarly situated, | CASE NO.: |
| Plaintiffs, | |
| - against - | COMPLAINT |
| HSBC USA, INC., HSBC BANK USA, N.A., LOUIS TESORIERO, JED MOLONEY, and DAVID GATES, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiffs, **STEVEN BERTONE and STEVEN VALENTE**, individually and on behalf of those individuals similarly situated (hereinafter, "Plaintiffs"), by and through their attorneys, **ZABELL & ASSOCIATES**, P.C., complain and allege as follows:

## I.    PRELIMINARY STATEMENT

1. Plaintiffs bring this action on behalf of themselves and all similarly situated employees and/or former employees seeking monetary damages, declaratory relief, and affirmative relief based upon Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.; New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, et seq.; New York State Department of Labor Regulations ("NYDOL Regs"), N.Y.C.R.R. § 142-2.2, common law, and other appropriate rules, regulations, statutes and ordinances.

2. Plaintiffs allege pursuant to the FLSA and NYLL, that they are entitled to recovery for themselves, and on behalf of all similarly situated employees, from Defendants: (1) overtime compensation for all hours worked in excess of forty (40) hours per week; (2) unpaid compensation; (3) liquidated damages; and (4) an award of attorneys' fees and costs.

3. Plaintiffs further allege that they are entitled to recover for themselves, and on behalf of all similarly situated employees, from Defendants for unlawful conversion of monies rightfully due and owing Plaintiffs, and in the alternative, unjust enrichment and *quantum meruit.*

## II. JURISDICTION AND VENUE

4. This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

5. This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367 and other appropriate rules, regulations, statutes and ordinances.

6. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within the State of New York, in Nassau and Suffolk counties.

7. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2

### III.   PARTIES

8. Plaintiff, **STEVEN BERTONE** ("Plaintiff Bertone"), was at all times relevant herein, a domiciliary of the State of New York, presently residing in Baldwin, New York.

9. Plaintiff, **STEVEN VALENTE** ("Plaintiff Valente"), was at all times relevant herein, a domiciliary of the State of New York, presently residing in Wantagh, New York.

10. At all times relevant to the Complaint, each Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2).

11. Upon information and belief, Defendants, **HSBC USA, INC.** and **HSBC BANK USA, N.A.**, ("Defendants") are foreign business corporations, organized and existing under the laws of Maryland with their corporate headquarters located in New York, New York.

12. Upon information and belief, Defendant **LOUIS TESORIERO** was a Mortgage Sales Manager for corporate Defendants and (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules and the work environment; (3) determined the rate and method of payment of employees; and (4) maintained employment records for all the related entities.

13. Upon information and belief, Defendant **JED MOLONEY** was a direct supervisor and (1) had the power to hire and fire employees; (2) supervised

3

and controlled employee work schedules and the work environment; (3) determined the rate and method of payment of employees; and (4) maintained employment records for all the related entities.

14. Upon information and belief, Defendant **DAVID GATES** is Senior Vice President of National Mortgage Sales for corporate Defendants and (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules and the work environment; (3) determined the rate and method of payment of employees; and (4) maintained employment records for all the related entities.

15. Upon information and belief, at all times relevant herein, Defendants employed more than two (2) employees engaged in interstate commerce and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to their operation of a retail mortgage business.

16. At all times relevant to the Complaint, Defendants acted as an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the NYLL, N.Y. Lab. Law § 190(3).

17. Upon information and belief, at all times relevant herein, Defendants employed Plaintiffs, and those individuals similarly situated, within the meaning of the FLSA and the NYLL.

## FACTS

18. Plaintiffs repeat and re-allege each and every allegations contained herein.

**Plaintiff Bertone**

19. Plaintiff Bertone was hired by Defendants on or about April 6, 2015 as a "Premier Mortgage Consultant."

20. Plaintiff worked for Defendants from his hire through September 9, 2016.

21. Plaintiff Bertone was paid on an hourly basis combined with earned sales commissions.

22. Plaintiff Bertone's primary duty as an employee of Defendants was inside sales.

23. In such a capacity, Plaintiff Bertone was a "non-exempt" employee who was eligible for overtime compensation for all hours worked in excess of forty (40) per week.

24. Plaintiff Bertone originated mortgages and had annual sales targets he was required to meet based on projected sales numbers.

25. Plaintiff Bertone met or exceeded all annual sales targets.

26. During his employment with Defendants, Plaintiff Bertone consistently worked in excess of forty (40) hours per week.

27. However, Defendants prohibited Plaintiff Bertone from remitting and/or recording all of his time worked per week.

28. Initially, Plaintiff Bertone submitted all hours over forty (40) to Defendants.

29. Thereafter, Defendants ordered Plaintiff Bertone not to submit more than

five (5) hours per week of overtime, though he regularly and routinely worked more than five (5) hours of overtime per week.

30. In actuality, Plaintiff Bertone consistently worked twenty (20) hours of overtime per week while employed by Defendants.

31. Defendants deprived Plaintiff Bertone of earned overtime compensation for all hours worked in excess of forty (40) hours per week at the applicable statutory rate of one and one-half (1.5) times the regular rate of pay in violation of the FLSA and NYLL.

32. At all times relevant herein, Plaintiff Bertone performed the essential functions of his position in a satisfactory manner and satisfied all conditions precedent to payment pursuant to the established terms and conditions of his employment.

**Plaintiff Valente**

33. Plaintiff Valente was hired by Defendants on or about May 2015 as a "Premier Mortgage Consultant."

34. Plaintiff worked for Defendants from his hire through May 2016.

35. Plaintiff Valente was paid on an hourly basis combined with earned sales commissions..

36. Plaintiff Valente was a "non-exempt" employee who, at all times, was eligible for overtime compensation for hours worked in excess of forty (40) per week.

37. Plaintiff Valente's primary duty as an employee of Defendants was sales.

38. Plaintiff Valente originated mortgages and had annual sales targets he was

required to meet based on projected sales numbers.

39. Plaintiff Valente met or exceeded all annual sales targets.

40. During his employment with Defendants, Plaintiff Valente consistently worked in excess of forty (40) hours per week.

41. However, Defendants prohibited Plaintiff Valente from remitting and/or recording all of his time worked per week.

42. Initially, Plaintiff Valente submitted all hours over forty (40) to Defendants.

43. Thereafter, Defendants ordered Plaintiff Valente not to submit more than five (5) hours of overtime per week, regardless of the number of hours he actually worked

44. In actuality, Plaintiff Valente consistently worked fifteen (15) hours of overtime per week while employed by Defendants.

45. Despite this fact, Defendants deprived Plaintiff Valente of overtime compensation for all  hours worked in excess of forty (40) hours per week at the applicable statutory rate of one and one-half (1.5) times his regular rate of pay in violation of the FLSA and NYLL.

46. At all times relevant herein, Plaintiff Valente performed the essential functions of his position in a satisfactory manner and satisfied all conditions precedent to payment pursuant to the established terms and conditions of his employment.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiffs repeat and re-allege each and every allegation contained herein.

7

48. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

49. This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who work, or have worked for Defendants.

50. At all times relevant herein, Plaintiffs, and the other FLSA collective action Plaintiffs, are and have been similarly situated, have sustained similar job requirements and pay provisions, are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay at a rate of one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) hours per week.

51. Upon information and belief, there exists current and former employees who are similarly situated to Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiffs are representative of those other workers and is acting on behalf of Defendants' current and former employees' interests, as well as their own interest in bringing this action.

52. Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated persons who work or have worked for Defendants at any time during the six (6) years prior to the filing of their respective consent forms.

53. Plaintiffs and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policies and/or scheme to

violate the FLSA by failing to provide overtime wages, at the rate of one and one-half (1.5) times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## CLASS ACTION ALLEGATIONS

54. Plaintiffs repeat and re-allege each and every allegation contained herein.

55. Plaintiffs also bring their NYLL claims on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23 Class") comprised of all persons who work or have worked for Defendants in the State of New York at any time from the six (6) years prior to the filing of this Complaint to the entry of judgment in this case.

56. The persons in the Rule 23 Class are so numerous that joinder of all members is otherwise impracticable.

57. The persons in the Rule 23 Class are readily ascertainable. The names and addresses of such persons are readily available from Defendants for purposes of notice and any other purpose related to this action.

58. Defendants have acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

59. The questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class include, but are not limited to:

a) Whether Defendants unlawfully failed to properly compensate Plaintiffs in violation of and within the meaning of New York Labor Law Article 6, §190, et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

b) Whether Plaintiffs and the Rule 23 Class are "non-exempt" from entitlement to overtime compensation for all hours worked in excess of forty (40) hours per week;

c) What policies, practices and procedures Defendants implemented regarding payment of overtime compensation, and spread of hours;

d) Whether Defendants failed to pay Plaintiffs and the Rule 23 Class overtime compensation for all hours worked in excess of forty (40) hours per week within the meaning of the NYLL Article 19 § 650, et seq. and the supporting NYDOL Regs., 12 N.Y.C.R.R. Part 142;

e) Whether Defendants failed to pay Plaintiffs and the Rule 23 Class spread of hours pay by failing to pay an additional hour's pay when they worked more than ten (10) hours in a day, as provided by 12 N.Y.C.R.R. sect. 142-2.4;

f) Whether Defendants wrongfully interfered with the rights of Plaintiffs and the Rule 23 Class to immediate possession of earned wages and, thus, engaged in unlawful conversion of their compensation;

g) The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class; and

h) Whether Defendants' failure to pay Plaintiffs and the Rule 23 overtime compensation for all hours worked in excess of forty (40) hours per week, and failure to pay spread of hours pay was done willfully or with reckless disregard for the applicable federal and state wage and hours laws.

60. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent.   Plaintiffs and the Rule 23 Class work, or have worked, for Defendants in non-exempt positions and have had their rights to immediate possession to their wages wrongfully interfered with by Defendants, have not been paid overtime compensation or spread of hours pay.  Defendants have acted and have refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

61. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions.  All Class members were subject to the same corporate practices of Defendants, as alleged herein, of wrongful conversion of earned compensation, failing to pay overtime compensation and failing to provide spread of hours pay.

62. Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.

63. Plaintiffs have retained counsel competent and experienced in both complex class actions and in labor and employment litigation.

64. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the necessary duplication of efforts and expense that numerous individual actions beget. The adjudication of individual claims would result in a great expenditure of Court and public resources; conversely, treating the claims would result in significant costs savings. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' policies, practices and procedures. Although the relative damages suffered by the individual members of the Rule 23 Class are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

65. Current employees are often hesitant to assert their rights out of fear of direct or indirect retaliation. Former employees are reluctant to bring claims

because doing so can harm their present and future employment and further efforts to obtain employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing risks.

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF<br>(Failure to Pay Overtime – FLSA Violation)

66. Plaintiffs repeat and reallege each and every allegation contained herein.

67. Defendants are employers, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

68. Plaintiffs, and those individuals similarly situated, are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

69. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

70. Plaintiffs, and, upon information and belief, those individuals similarly situated, worked in excess of forty (40) hours per week.

71. Plaintiffs, and, upon information and belief, those individuals similarly

situated, did not receive overtime compensation at the rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

72. Consequently, by failing to pay overtime compensation, Defendants violated the governing provisions of the FLSA.

73. Upon information and belief, Defendants' failure to pay overtime compensation was willful.

74. By the foregoing reasons, Defendants are liable to Plaintiffs, and those similarly situated, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**(Failure to Pay Overtime – NYLL Violation)**

75. Plaintiffs repeat and re-allege each and every allegation contained herein.

76. Defendants are employers, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

77. Plaintiffs, and those similarly situated, are employees within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting NYDOL Regs.

78. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular

rate."

79. NYLL Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

80. Plaintiffs, and, upon information and belief, those individuals similarly situated, worked in excess of forty (40) hours per week.

81. Plaintiffs, and, upon information and belief, those individuals similarly situated, did not receive overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

82. Consequently, by failing to pay to overtime compensation, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 142-2.2.

83. Upon information and belief, Defendants' failure to pay overtime compensation was willful.

84. By the foregoing reasons, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs, and those similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## THIRD CLAIM FOR RELIEF
### (Failure to Pay Earned Sales Commissions)

85. Plaintiffs hereby repeats and realleges each and every allegation set forth herein.

86. At all times relevant herein, Plaintiffs were each "employees" within the meaning of the New York Labor Law.  Similarly, at all times relevant herein, Defendants were and are "employers" within the meaning of the New York Labor Law.

87. As previously alleged, Plaintiffs were salespeople who, in addition to their base pay, received commission-based wages for the sales of mortgages.

88. Plaintiffs earned commissions on the sale of such services.  Such commissions constitute "wages" within the meaning of New York Labor Law §§ 190, et seq.

89. Defendants, however, failed to pay Plaintiffs their earned commissions for all sales effectuated during their respective tenures.

90. Plaintiffs, therefore, are each due wages from Defendants based on commissions, which were earned upon completion of each sale.

91. As a result of the foregoing, Plaintiffs have been denied earned wages required under New York Labor Law §§ 190, et seq., and have suffered substantial economic damages.

92. Plaintiffs are entitled to damages in an amount to be determined at trial.

93. Defendants' failure to pay Plaintiffs earned sales commissions was "willful" as that term is used in Article 6 of the New York labor Law, because Defendants are aware they were required to pay Plaintiffs earned commissions.

94. Defendants' willful failure to pay Plaintiffs earned commissions violates Article 6 of the New York Labor Law.

95. Pursuant to Sections 198(1) and 198(1A) of the New York Labor Law, Plaintiffs are entitled to statutory costs, attorneys' fees, and liquidated damages in the amount of one hundred percent (100%) of the total amount of wages found to be due.

**FOURTH CLAIM FOR RELIEF**
**(Failure to Pay Spread of Hours Pay – New York Labor Law Violation)**

96. Plaintiff repeats and re-alleges each and every allegation contained herein.

97. Defendants are employers, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

98. Plaintiffs, and those individuals similarly situated, are employees within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting NYDOL Regs.

99. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

100. Upon information and belief, Defendants did not pay Plaintiffs, and those individuals similarly situated, an additional hour's pay when she worked more than ten (10) hours in a day.

101. Plaintiffs, and upon information and belief, individuals similarly situated regularly worked in excess of ten (10) hours per day.

102.    Consequently, by failing to pay an additional hour's pay when Plaintiffs, and those individuals similarly situated, worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 142-2.4.

103.    By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiffs, and those similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### FIFTH CLAIM FOR RELIEF
### (Failure to Maintain Records – FLSA Violation)

104.    Plaintiffs repeat and re-allege each and every allegation contained herein.

105.    Upon information belief, Defendants failed to preserve requisite payroll records mandated by Title 29 of the Code of Federal Regulations Part 516.

106.    Upon information and belief, Defendants failed to maintain accurate payroll records showing for each employee their, inter alia: (1) name as used for Social Security recordkeeping purposes; (2) home address; (3) date of birth; (4) sex and occupation in which employer; (5) time of day and day of week on which the workweek begins; (6) hourly rate of pay, including the basis of pay by indicating the monetary amount paid per hour, per day and per week; (7) hours worked each workday and the total hours worked each workweek; (8) total wage paid each pay period; and (9) date of wage payment and the pay period covered by the payment.

107.    For the foregoing reasons, Defendants violated Title 29 of the Code of Federal Regulations Part 516, thereby entitling Plaintiffs, and other similarly situated employees, to damages at an amount to be determined at trial, plus interest, litigation costs, and reasonably attorney's fees, along with injunctive relief.

## SIXTH CLAIM FOR RELIEF
### (Failure to Maintain Records – New York Labor Law Violation)

108.    Plaintiffs repeat and reallege each and every allegation contained herein.

109.    NYLL §§ 195(4) and 661 require employers to establish, maintain and preserve, for not less than six (6) years, contemporaneous, true, and accurate payroll records for each employee, including (1) payroll records for each week worked the hours worked; (2) the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other basis; (3) gross wages; (4) deductions; (5) allowances, if any, claimed by the minimum wage; and (6) net wages. N.Y. Lab. Law §§ 195(4) & 661.

110.    NYLL §§ 195(4) and 661 requires employers payroll records to include the (1) regular hourly rate or rates of pay; (2) overtime rate or rates of pay; (3) number of regular hours worked; and (4) number of overtime hours worked. N.Y. Lab. Law §§ 195(4) & 661.

111.    Upon information and belief, Defendants failed to maintain true and

accurate payroll records for Plaintiffs, and similarly situated individuals, for the applicable statutory period.

112.    By the foregoing reasons, Defendants have violated NYLL §§ 195(4) & 661 and are liable to Plaintiffs, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## SEVENTH CLAIM FOR RELIEF
### (Conversion)

113.    Plaintiffs repeat and re-allege each and every allegation contained herein.

114.    Defendants failed to compensate Plaintiffs, and those similarly situated, for wages earned during the course of their employment with Defendants.

115.    As a result, Defendants wrongfully interfered with the right of Plaintiffs, and those individuals similarly situated, to immediate possession of the full amount of these wages.

116.    As a direct result of Defendants' unlawful conversion of compensation of Plaintiffs, and those similarly situated, and all to which they were (and are) entitled to immediate possession, Plaintiffs, and, upon information and belief, those individuals similarly situated, have suffered, and continue to suffer, substantial economic damages.

117.    Defendants' unlawful conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiffs, and those

individuals similarly situated, warranting an award of damages against Defendants.

### EIGHTH CLAIM FOR RELIEF
#### (Unjust Enrichment and *Quantum Meruit*)
#### (Plead in the Alternative)

118.     Plaintiff repeats and re-alleges each and every allegation contained herein.

119.     Plaintiffs, and, upon information and belief, those similarly situated, performed numerous and valuable services at the behest of and on behalf of Defendants.

120.     Plaintiffs, and, upon information and belief, those similarly situated, were not paid for the reasonable value of those services.

121.     Defendants are unjustly enriched by withholding monies earned by and rightfully belonging to Plaintiffs, and those similarly situated.

122.     By reason of the forgoing, Defendants are liable to Plaintiffs, and those individuals similarly situated, in an amount to be determined at trial.

## VI.   DEMAND FOR JURY TRIAL

123.     Plaintiff repeat and realleges each and every allegation contained herein.

124.     Plaintiffs hereby demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiffs, and those individuals similarly situated, respectfully request that this Court grant the following relief:

21

a) On the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action, an award of Plaintiffs', and those individuals similarly situated, actual damages in an amount to be determined at trial plus interest;

b) Order Defendants pay Plaintiffs, and those individuals similarly situated, a reasonable sum for expenses pursuant to the NYLL §§ 663;

c) Declare Defendants violated the FLSA and NYLL;

d) An award of liquidated damages where allowed by statute;

e) Defendants be ordered to pay Plaintiffs, and those individuals similarly situated, pre and post judgment interest;

f) Order Defendants to pay all costs and disbursements of this action, including Plaintiffs', and those individuals similarly situated, attorneys' fees; and

g) Order such other and further relief as may be just and proper.

Dated:      Bohemia, New York
            December 15, 2016

                          ZABELL & ASSOCIATES, P.C.
                          *Attorneys for Plaintiffs*

            By:   _____

                  Saul D. Zabell, Esq.
                  ZABELL & ASSOCIATES, P.C.
                  1 Corporate Drive, Suite 103
                  Bohemia, NY 11716
                  Tel. (631) 589-7242
                  Fax (631) 563-7475
                  SZabell@laborlawsny.com