UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
STEVEN BERTONE AND STEVEN
VALENTE, *individually and on behalf
of those individuals similarly situated*,

                        Plaintiffs,

   -against-

HSBC USA, INC., HSBC BANK USA, N.A.,
LOUIS TESORIERO, JED MOLONEY,
AND DAVID GATES,

                        Defendants.
--------------------------------------------------------X

For Online Publication Only

**ORDER**
16-CV-06993 (JMA) (ARL)

**AZRACK, United States District Judge:**

On December 21, 2020, Defendants filed a letter motion to dismiss the claims of five opt-in plaintiffs who had failed to participate in the litigation. (ECF No. 115.) Varughese Oommen, Margrit Baharvar, Diane Vitale-Kos, Kimberly Vecchio, and Vicente Orellano (collectively, the "Non-Responsive Opt-In Plaintiffs") consented to join this Fair Labor Standards Act action on May 22, 2019, June 9, 2019, June 15, 2019, June 24, 2019, and July 10, 2019, respectively. (ECF Nos. 105, 107, 108, 109, and 112.) Defendants served their first discovery requests on January 16, 2020. The Non-Responsive Opt-In Plaintiffs failed to respond to discovery requests or appear for their duly noticed depositions. (ECF No. 115 at 1.) Plaintiffs' counsel has informed the Court that "[d]espite repeat attempts, [Plaintiffs'] counsel has had no communication with the five Opt-In Plaintiffs that Defendants now seek to dismiss since their respective filings consenting to participate in this matter, submitted between May and August 2019." (ECF No. 117.)

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id.

The Court has considered the relevant factors here and concludes that the Non-Responsive Opt-In Plaintiffs' failure to respond to discovery requests from Defendants, failure to appear at their depositions, failure respond to any communications from Plaintiffs' counsel beyond the initial contact, and failure to otherwise communicate with the Court warrants dismissal. Accordingly, the claims of the Non-Responsive Opt-In Plaintiffs are dismissed with prejudice.

The Court approves the parties' settlement, (ECF Nos. 118, 119), finding it is fair and reasonable. The Court dismisses this action in accordance with the settlement agreement and closes this case.

**SO ORDERED.**

Dated: March 31, 2021
Central Islip, New York

                       /s/ (JMA)
                     JOAN M. AZRACK
                     UNITED STATES DISTRICT JUDGE